829 F.2d 38
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest GREGORY, Petitioner-Appellant,
v.
Ronald C. MARSHALL, Respondent-Appellee.
 No. 86-4040
 United States Court of Appeals, Sixth Circuit.
 September 14, 1987.
 
 Before BOYCE K. MARTIN, Jr. and BOGGS, Circuit Judges, and WISEMAN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 In challenging the denial of his petition for a writ of habeas corpus, Ernest Gregory makes a number of claims, only one of which we consider. In that claim Gregory contends that the prosecution violated his constitutional right of silence in its attempt to impeach him through drawing attention to his failure to come forward with an exculpatory story prior to trial. The district court found that the state court did commit error, but that it was 'harmless beyond a reasonable doubt.' We agree and affirm.
 
 
 2
 Gregory was indicted in October 1981 on two counts of rape of his ten-year-old daughter, Vergie, on May 30 and June 6, 1981. His jury trial in Ohio state court began in December 1981. During trial the prosecution questioned Gregory as to why he did not inform anyone other than his attorney of his alibi before trial and then referred to this silence again at closing. Gregory's attorney did not object to either the questions nor the closing comments.
 
 
 3
 The jury found Gregory guilty on both counts and he was sentenced to two consecutive life terms. He appealed his convictions to the Ohio Court of Appeals, which affirmed. The Ohio Supreme Court denied him leave to appeal. Gregory then filed a petition for a federal writ of habeas corpus. The magistrate recommended that the petition be denied and the district court adopted the recommendation. Here, Gregory presents us with much the same list of errors.
 
 
 4
 Gregory claims that the prosecution violated Gregory's constitutional right to remain silent by its attempt to impeach him on the basis of his pretrial silence. The district court found that Gregory did invoke his right to remain silent and that the comments by the prosecution were designed to discredit him on the basis of his post-arrest silence. As the district court said, '[t]he prosecutor's comments on cross-examination and in closing argument were a blatant reference to [Gregory's] failure to come forward within his alibi and constitute a violation of [his] Fifth and Fourteenth Amendment rights.' A constitutional violation does not, however, automatically require reversal of a conviction. 'The issue is whether the testimony about the silence could have influenced the jury and contributed to the convinction, Chapman v. California, 386 U.S. 18, 23-24 (1967), so that 'absent the cross-examination . . ., 'no juror could have entertained a reasonable doubt' as to petitioner's guilt." Hayton v. Egeler, 555 F.2d 599, 603 (6th Cir. 1977) (citation omitted).
 
 
 5
 In considering the prosecution's comments, the decision below, following Hayton v. Egeler, 555 F.2d 599, examined whether the prosecution's questions and comments could have so influenced the jury that, absent such questions and testimony and comment, no juror could have entertained a reasonable doubt as to Gregory's guilt. It considered the strength of the evidence and the extent of the questioning and comment about the pretrial silence. It concluded that the purpose of these comments was to impeach the alibi. At trial, however, the alibi was not a key issue because it was not a complete alibi and because even if the alibi were true, Gregory could still have raped his daughter. The court explained, 'The statements did not, however, prejudicially affect [his] credibility as they did not challenge the factual truthfulness of [his] alibi. Even believing the alibi, the jury found that [Gregory] was guilty beyond a reasonable doubt.' Thus, even though the state should not have referred to Gregory's pretrial silence, this error did not affect the course of the trial.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief United States District Judge for the Middle District of Tennessee, sitting by designation